﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 210120-130511
DATE: March 31, 2021

ORDER

Entitlement to an effective date of February 1, 2018, but no earlier, for the 60 percent evaluation for prostate cancer status post and bladder cancer with voiding dysfunction is granted.

FINDING OF FACT

From February 1, 2018, the Veteran’s residuals of prostate cancer status post and bladder cancer required the wearing of absorbent materials which must be changed more than 4 times per day.

CONCLUSION OF LAW

The criteria for entitlement to an effective date of February 1, 2018, but no earlier, for the 60 percent evaluation of prostate cancer status post and bladder cancer with voiding dysfunction have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 4.1, 4.3, 4.7, 4.115a, Diagnostic Code 7529.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from December 1965 to February 1969. He appeals a June 2020 rating decision granting entitlement to a 60 percent rating for prostate cancer status post and bladder cancer with voiding dysfunction effective March 12, 2020. He opted for direct review of the evidence by the Board.

Earlier Effective Date

Except as otherwise provided, the effective date of an evaluation and award of compensation based on a claim for service connection or increase will be on the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 U.S.C. § 5110(a) (2012); 38 C.F.R. § 3.400(o)(1). However, the effective date of an award of increased compensation shall be the earliest date as of which it is factually ascertainable based on all evidence of record that an increase in disability had occurred, if an application for increase in compensation is received within one year from such date. 38 C.F.R. § 3.400(o)(2).

1. Entitlement to an earlier effective date for the evaluation of 60 percent for prostate cancer status post and bladder cancer with voiding dysfunction.

The Veteran contends that he is entitled to an earlier effective date for the award of a 60 percent rating for his prostate cancer status post and bladder cancer with voiding dysfunction. After review of the evidence, the Board finds that an effective date of February 1, 2018, but no earlier is warranted.

As an initial matter, the Board notes that the Veteran was in receipt of a 100 percent rating for his prostate/bladder cancer until February 1, 2018. He was assigned a 40 percent rating from that date which was subsequently appealed and raised to 60 percent effective March 12, 2020. As the Veteran was in receipt of the maximum rating for his prostate/bladder cancer on February 1, 2018, the period on appeal is February 1, 2018, to March 12, 2020.

A 40 percent rating is warranted for voiding dysfunction requiring the wearing of absorbent materials which must be changed 2 to 4 times per day. 38 C.F.R. § 4.115a, Diagnostic Code 7529. In order to warrant a rating in excess of 40 percent, the evidence must show voiding dysfunction requiring the use of an appliance or the wearing of absorbent materials which must be changed more than 4 times per day (60 Percent). Id.

The Veteran was afforded a VA examination in June 2019 to assess the severity of his prostate/bladder cancer residuals. The Board finds that the examiner’s findings contain internal inconsistencies. Specifically, the examiner noted that the Veteran required the use of absorbent materials which must be changed 2 to 4 times per day. However, when asked to describe the functional impact of the Veteran’s voiding dysfunction, the examiner noted that the Veteran must change pads every 4 hours. Based on the examiner’s findings, the Board finds that the Veteran’s voiding dysfunction required pad changing of a frequency more closely approximating more than 4 times per day. At his June 2020 VA examination, it was noted that the Veteran indeed must change his absorbent materials more than 4 times per day.

After review of the evidence, the Board finds that the Veteran’s prostate/bladder cancer residuals most closely reflect the required use of absorbent materials which must be changed more than 4 times per day throughout the period on appeal. The evidence does not suggest that the Veteran’s condition spontaneously worsened on the date of his March 2020 VA examination. Rather, when resolving all doubt in favor of the Veteran, the Board finds it more likely that the severity of his condition remained steady throughout the period on appeal. See Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990). 

In summation, the Board finds that the Veteran’s prostate/bladder cancer residuals have most closely approximated the criteria for a 60 percent rating throughout the period on appeal. Accordingly, an effective date of February 1, 2018, but no earlier, for a rating of 60 percent is warranted. The Board’s decision in this case is binding only with respect to the instant matter decided. 

This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.

 

 

B.T. KNOPE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Daniel Ballinger, Associate Counsel